IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| CHESTNUT RIDGE ASSOCIATES LLC, | ) | Case No. 23-90069 (DRJ) |
| | ) | |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF GRANT THORNTON LLP
AS FINANCIAL ADVISORS FOR THE DEBTOR AS OF MARCH 27, 2023**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Chestnut Ridge Associates LLC ("Chestnut Ridge" or the "Debtor"), as debtor-in-possession, and files this Application (the "Application") pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of order authorizing the employment and retention of Grant Thornton LLP ("Grant Thornton" or "GT") as Financial Advisors for the Debtor as of March 27, 2023. In support of this Application, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief sought herein are 11 U.S.C. §§ 327(a), 328(a), and 504, Fed. R. Bankr. P. 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1 and 2016-1.

## BACKGROUND

2. On February 5, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 21, 2023, the United States Trustee appointed a creditors' committee was appointed in this case. As of the date of this Application, no party has filed a notice of appearance on behalf of the creditors' committee.

5. No trustee or examiner has been appointed in this chapter 11 case.

6. The Debtor is the owner of a Class A grocery anchored shopping center known as The Shoppes at Kingsgate, located at 1113-1387 Kingwood Dr, in Humble, Texas (the "Property"). The Property is home to national and local retailers including ALDI, Dollar Tree, Painted Tree, and Tuesday Morning. The improvements were constructed in 1980 and 2017, and renovations were also done in 2017. It is situated on a 14.87 acre site. The newest building, constructed in 2017, is occupied by Aldi and Dollar Tree.

7. The Debtor believes the Property's current value is no less than $25 million and could be more than $31 million.

8. A more detailed factual background of the Debtor's business and operations, including the events leading up to the filing of this case is more fully set forth in the *Declaration of Heather Schreer in Support of First Day Motions* [Docket No. 9].

## **RETENTION OF GRANT THORNTON**

9. By this Application, the Debtor seeks Court approval, pursuant to section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules, to employ and retain Grant Thornton to provide financial advisory services and an expert witness for the Debtor, effective as of March 27, 2023 (the first post-petition date on which Grant Thornton rendered financial advisory services to the Debtor).

10. The Debtor contemplates that Grant Thornton will provide professionals to render financial advisory and expert witness services to the Debtor as needed throughout the course of this chapter 11 case, including (a) analysis on the Debtor's cash flow feasibility, (b) current market interest rates, (c) a liquidation analysis; and (d) performing such other matters or services as may be necessary or appropriate. Certain of the financial advisory and expert witness services that GT will render to the Debtor may include the following:

(a) Analyze the Company's financial position, business plans and financial projections prepared by management including, but not limited to, commenting on assumptions, and comparing those assumptions to historical Company and industry trends;

(b) Consult with management on the assessment of a bankruptcy exit strategy;

(c) Consult with management in connection with the development of financial projections;

(d) Assist management with its communications with customers, suppliers, statutory committees, and other parties-in-interest;

(e) Assist management with the preparation of the Company's rolling 13 week cash receipts and disbursements forecast and assess liquidity and DIP financing needs;

(f) Consult with management regarding their valuation of the Company and/or it's assets on a going-concern and liquidation basis;

(g) Consult with management, in coordination with legal counsel, in the preparation of a disclosure statement, plan of reorganization and the underlying business plans from which those documents are developed;

(h) Assist management, in coordination with legal counsel, in evaluating competing disclosure statements, plans and other strategic proposals made by other interested parties in the Case;

(i) Assist management in responding to information requests submitted by statutory committees and their legal and/or financial counsel;

(j) Consult with management regarding the preparation of required financial statements, schedules of financial affairs, monthly operating reports, and any other financial disclosures required by the Bankruptcy Court;

(k) Provide expert advice and testimony regarding financial matters related to, including, among other things, the feasibility of any proposed plan of reorganization, and the valuation of any securities issued in connection with any such plan; and,

(l) Provide additional services as requested from time to time by the Company and agreed to by Grant Thornton.

11. The Debtor requires knowledgeable financial advisors to render the above-described essential professional services. The Debtor has selected Grant Thornton to provide its financial advisory services because Grant Thornton is one of the largest and most sophisticated audit, tax, and consultant advisory firms in the world.

Grant Thornton has significant expertise in the areas of bankruptcy, insolvency, corporate reorganization, and debtor-creditor law.  Grant Thornton's advisors and consultants have played significant roles in many complex chapter 11 reorganizations.  Grant Thornton has particular experience in chapter 11 cases and is well-qualified to represent the Debtor's interests in this case.

## **PROPOSED COMPENSATION OF GRANT THORNTON**

12.	Subject to the Court's approval, Grant Thornton will charge the Debtor for its services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date services are rendered.  The current hourly rates charged by GT are provided below.[1]

| Professional | Fee Range |
|---|---|
| Partner/Principal | $840.00 |
| Managing Director | $840.00 |
| Director | $750.00 |
| Senior Manager | $645.00 to $720.00 |
| Manager: | $545.00 to $610.00 |
| Senior Associate: | $325.00 to $435.00 |
| Associate: | $235.00 to $295.00 |

13.	In addition, Grant Thornton will seek reimbursement of expenses advanced on behalf of the Debtor according to its customary and usual practices.  Grant Thornton will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned services.

---

[1] These rates are subject to change from time to time.

14. Grant Thornton intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and orders of this Court. The Debtor reserves the right to request the implementation of interim compensation procedures with respect to fees and expenses incurred by Grant Thornton and other professionals employed by the estate in the course of their representation of the Debtor in this case; however, any such additional request will be made by separate motion.

## DISCLOSURES

15. As set forth in the Declaration of John Baumgartner (the "Declaration") filed concurrently herewith, Grant Thornton was engaged as a financial advisor by the Debtor in the bankruptcy case on February 22, 2023.[2] Grant Thornton was not paid a pre- or post-petition retainer by or on behalf of the Debtor. Consequently, Grant Thornton is not owed any amount by the Debtor on account of pre-petition services and is not a pre-petition creditor of the Debtor in this case.

16. To the best of the Debtor's knowledge, information, and belief, other than as disclosed in the Declaration, GT has no connection with the Debtor, its creditors, or any other party-in-interest herein or their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee. GT has not represented any other party-in-interest with respect to any matter related to the Debtor.

17. To the best of the Debtor's knowledge, information and belief, GT represents no interest adverse to the Debtor or to its estate in the matters for which GT

---

[2] Despite the date of its engagement, Grant Thornton did not provide any services to the Debtor until March 27, 2023.

is proposed to be retained and is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.  The Debtor submits that its employment of Grant Thornton would be in the best interests of the Debtor, its estate, and creditors.

18. The Declaration filed concurrently herewith has been executed by John Baumgartner in accordance with the provisions of sections 327, 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and U.S. Trustee Guidelines.  The Debtor's knowledge, information and belief regarding the matters set forth herein are based and made in reliance upon said Declaration.

19. No previous application for the relief requested herein has been made in this case.

## LIMITED NOTICE

20. Notice of this Application will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) all known secured creditors; (iii) the holders of the twenty (20) largest unsecured claims against the Debtor; (iv) the members of the committee, and (v) parties requesting notice; all as set forth below.  The Debtor submits that no further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order authorizing the employment of Grant Thornton as financial advisors, effective as of March 27, 2023, to the extent and on the terms set forth above, and granting all other just and proper relief.

Dated: April 26, 2023

Respectfully submitted,

*/s/ Jeff P. Prostok*
Jeff P. Prostok
State Bar No. 16352500
Deirdre Carey Brown
State Bar No. 24049116
Emily S. Chou
State Bar No. 24006997
Dylan T.F. Ross
State Bar No. 24104435
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1290
Fort Worth, Texas 76102
Phone: (817) 877-8855
Fax: (817) 877-4151
jprostok@fosheyprostok.com
dbrown@forsheyprostok.com
echou@forsheyprostok.com
dross@forsheyprostok.com

ATTORNEYS FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon the office of the United States Trustee for the Southern District of Texas, the Lender, the holders of the twenty (20) largest unsecured claims against the Debtor, the members of the committee, and parties filing a notice of appearance, via email as indicated below, via ECF electronic Notice, if available, on April 26, 2023, and via United States Mail, first class postage prepaid to the addresses reflected on the attached Service List, on this April 27, 2023.

      Kingsgate Partner LLC
      c/o Joshua W. Wolfshohl
      Porter Hedges LLP
      jwolfshohl@porterhedges.com

                                      */s/ Jeff P. Prostok*
                                      Jeff P. Prostok

L:\JPROSTOK\Chestnut Ridge Associates, LLC #6374\Pleadings\Application to Employ Grant Thorton as FAs (Final) 4.26.23.docx