IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| CHESTNUT RIDGE ASSOCIATES LLC, | ) | CASE NO. 23-90069 (DRJ) |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**DEBTOR'S *EMERGENCY* MOTION FOR ORDER (A) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (B) SCHEDULING COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN, AND SETTING RELATED DEADLINES; (C) APPROVING FORMS FOR VOTING AND <u>NOTICE; AND (D) GRANTING RELATED RELIEF</u>**

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. on May 16, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Chestnut Ridge Associates LLC (the "<u>Debtor</u>"), debtor and debtor-in-possession in this chapter 11 case, in this its motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **Exhibit "J"** (the "<u>Solicitation Order</u>"), (a) conditionally approving the disclosure statement filed by the Debtor on May 8, 2023 [Dkt. No. 88] (as the same may be supplemented or amended, the "<u>Disclosure Statement</u>"); (b) scheduling a combined hearing to consider final approval of the Disclosure Statement

and confirmation of the proposed plan of reorganization filed by the Debtor on May 8, 2023 [Dkt. No. 87] (as the same may be supplemented or amended, the "Plan"), and setting related deadlines; (c) approval of solicitation procedures; (d) approving forms for voting on the Plan and notice of the Plan and the Disclosure Statement; and (e) granting related relief. In support of this Motion, the Debtor would respectfully show the Court as follows:

## I.  JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## II.  BACKGROUND

**A.   The Debtor and its Business**

2. The Debtor's principal asset is a shopping center known as The Shoppes at Kingsgate, located at 1113-1387 Kingwood Drive, Kingwood, Texas (the "Property"). The Debtor believes the Property's current value is no less than $26 million.

3. Pursuant to a deed of trust, the Debtor had granted a mortgage on the Property to secure payment of a promissory note. The holder of the note has alleged that the outstanding balance on the note, as of the Petition Date, was $16,478,910.03, which figure includes outstanding principal, accrued interest and other fees to which the holder asserts it is entitled.

4. As such, the Debtor believes that it has substantial equity in the Property of at least $9 million. The Debtor commenced this Chapter 11 Case in order to preserve this equity for the benefit of the Debtor's unsecured creditors and interest holders.

**B.   The Property**

5. The Property is a Class A grocery store-anchored shopping center situated on a site of approximately 14.87 acres with a total of 156,343 square feet of leasable space.

The improvements on the Property were constructed in 1980 and renovated in 2017.

6. At present, the Property is 95.2% leased. Current tenants include well-known national and local retailers and service providers such as ALDI, Dollar Tree, Painted Tree, Jason's Deli, Wells Fargo Bank, and Mr. Gatti's Pizza.

7. The Property is favorably located along Kingwood Drive at the entrance to the Kingwood Master Planned Community. The Kingwood community is known as the "Livable Forest," with more than 500 acres of private parks and 75 miles of greenbelt. Commercial development is sharply limited in the Kingwood community, and there is no additional land for retail projects such as the Property. As of 2021, the ratio of residents to square feet of retail space in Kingwood was 2,105 to one. The Debtor believes that this makes the Property an essential and highly valuable commercial location for the underserved Kingwood retail market.

**C.     Events Prior to Commencement of the Chapter 11 Case**

8. As was the case with many commercial property owners throughout the country, the COVID-19 pandemic and government mandates and shutdowns in response to the pandemic were devastating for the Debtor. Most of the Debtor's tenants did not pay rent during the pandemic. In addition, bankruptcies of several tenants, including Stein Mart and Palais Royal, negatively impacted the Debtor.

9. As referenced above, the Debtor executed a secured promissory note (the "Note") to LegacyTexas Bank (the "Original Lender").[1] The Note, dated December 22, 2016, was in the original principal amount of $18,548,000 and was scheduled to mature on November 22, 2022. In the fall of 2022, the Debtor was engaged in talks with the Original

---

[1] Subsequently, the Original Lender was succeeded by Prosperity Bank following a merger of the two banks.

Lender for an agreed extension of the Note. The Debtor believed that the discussions were proceeding favorably and that a consensual extension would be forthcoming. However, on or about December 23, 2022, the Original Lender sold and assigned the Note to Kingsgate Partner, LLC ("Kingsgate").[2]

10. By a letter dated December 28, 2022, Kingsgate sent the Debtor a default notice asserting that the Debtor was in default under the terms of the Note because it had not paid the full amount outstanding on the Note when the Note matured the previous month. On January 11, 2023, Kingsgate and the Debtor entered into a Pre-Negotiation Agreement in regard to the Note. On or about January 12, 2023, a Notice of Substitute Trustee's Sale Under Deed of Trust (the "Foreclosure Notice") was executed, constituting public notice that a non-judicial foreclosure sale of the Property would be conducted on February 7, 2023. By letter dated January 13, 2023, Kingsgate's counsel sent a copy of the Foreclosure Notice to the Debtor.

**D.    Commencement of the Case**

11. Foreclosure of the Property would have threatened the substantial equity in the Property. To preserve that equity for the benefit of the Debtor's unsecured creditors and interest holders, on February 5, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for protection under chapter 11 of the United States Bankruptcy Code in this Court.

**E.    Summary of the Plan**

12. The Debtor filed the Plan and the Disclosure Statement on May 8, 2023. The following is a brief summary of the Plan. All parties are strongly encouraged to read the Plan carefully in its entirety.

---

[2] The Debtor was formally advised of the assignment of the Note by a letter dated December 31, 2022, from Prosperity Bank to the Debtor and its managers.

13.     The Plan provides the Debtor a reasonable period of time of approximately 18 month to market and sell the Property for the highest obtainable price, or obtain refinancing, and thereby provide full payment of on secured, priority, and unsecured claims, and some return to interest holders. The Plan organizes certain kinds of Claims[3] and Interests into Classes, and leaves other kinds of Claims unclassified, as the Bankruptcy Code requires.

14.     On or shortly after the Effective Date of the Plan, the Reorganized Debtor will make full Cash payment on account of all Allowed Administrative Expenses[4] Priority Tax Claims, and Priority Non-Tax Claims (Class 1).  The

- Class 2 – Secured Tax Claims.  A holder of an Allowed Secured Tax Claim shall be paid on account of its Allowed Secured Tax Claim the amount of such Allowed Claim, plus interest as provided herein, at the Reorganized Debtor's option: (1) in substantially equal quarterly Cash payments, with first payment due on April 1, 2024, and continuing quarterly with payment due on the first day of each quarter, with the last quarterly payment due January 1, 2028, *provided however*, if a Closing were to occur prior to the January 1, 2028, the unpaid balance of the Allowed Secured Tax Claim together with accrued and unpaid interest thereon, shall be paid on the Post-Closing Date Distribution Date; or (2) pursuant to such other treatment as may be agreed to by the Debtor (or Reorganized Debtor, as appropriate) and the holder of the Allowed Secured Tax Claim.  The Liens securing each Allowed Secured Property Claim shall remain in full force and effect until such Allowed Secured Property Tax Claim is fully treated in accordance with the Plan.

- Class 3 – Kingsgate Secured Claim.  The holder of the Allowed Kingsgate Secured Claim shall receive, on or before the Post-Effective Date Distribution Date, the Kingsgate Secured Note, the form of which shall be submitted as a Plan Document. The Kingsgate Secured Note shall be in the original principal amount equal to the amount of the Allowed Kingsgate Secured Claim. The unpaid principal balance of the Kingsgate Secured Note shall bear interest at the rate of 5.838% per annum (based upon a 2 Year Treasury as of May 3, 2023, of

---

[3] Certain capitalized terms used in this Motion and not otherwise defined herein have the meanings assigned to them in the Plan.

[4] Except for Administrative Expenses asserted by Estate Professionals which will be Allowed and paid only pursuant to a proper application therefor and by order of the Bankruptcy Court.

3.838% plus 200bps spread (2%) of risk premium). The Kingsgate Secured Note shall provide for monthly payments of accrued interest only for the term of the note. The unpaid principal balance of the Kingsgate Secured Note, together with any accrued and unpaid interest thereon, shall be fully due and payable upon the first to occur of (i) the tenth (10th) day after the Closing Date, or (ii) December 31, 2024. The Liens securing the Allowed Kingsgate Secured Claim shall remain in full force and effect in the same priority and validity as existed on the Petition Date until the Allowed Kingsgate Secured Claim is fully treated in accordance with this Plan.

- Class 4 – Other Secured Claims. At the option of the Reorganized Debtor, each holder of an Allowed Other Secured Claim shall receive, on or before the Post-Closing Date Distribution Date, (i) the collateral securing such Allowed Other Secured Claim; (ii) Cash in the full amount of the Allowed Other Secured Claim plus any accrued and unpaid interest thereon accruing at the rate of 5.838% per annum commencing from the Effective Date of the Plan to the date Distribution is made; or (iii) such other treatment as may be agreed to in writing by the holder of such Allowed Other Secured Claim and the Reorganized Debtor.  The Liens securing each Allowed Other Secured Claim shall remain in full force and effect until such Allowed Other Secured Claim is fully treated in accordance with this Plan.

- Class 5 – Estate of DeSalvo Unsecured Claim. The holder of the Estate of DeSalvo Unsecured Claim shall receive, to the extent of the Allowed amount of such Claim, Cash equal to the Allowed amount of such Claim on or before the Post-Closing Date Distribution Date.

- Class 6 – General Unsecured Claims. This class includes all General Unsecured Claims other than the Estate of DeSalvo Unsecured Claim or the Painted Tree Claim.  Each holder of an Allowed General Unsecured Claim shall receive, on account of such Allowed Claim, Cash equal to the Allowed amount of such Claim on or before the Post-Closing Date Distribution Date.

- Class 7 – Painted Tree Claim. The Painted Tree Claim in the amount as set forth in Exhibit 2 of this Plan (the "Painted Tree Cure Amount") shall be satisfied by: (i) monthly rent credited toward the Painted Tree Cure Amount until the amount satisfied in full, and (ii) in the event a Closing takes place prior to the satisfaction in full of the Painted Tree Cure Amount as set forth in (i) above, all remaining balance of the Painted Tree Cure Amount shall be paid on or before the Post-Closing Date Distribution Date.

- Class 8 – Interests.  Each holder of an Allowed Interest in the Debtor shall retain each of their Allowed Interest from and after the Effective Date.  In the event of a sale of the Property, each holder of an Allowed Interest in the Debtor shall receive a Pro Rata Share of any Net Proceeds remaining after completion of the full treatment, in accordance with the Plan, of all Allowed Administrative

Expenses, Allowed Priority Claims (Class 1), Allowed Property Tax Claims (Class 2), the Allowed Kingsgate Secured Claim (Class 3), Allowed Other Secured Claims (Class 4), Allowed Estate of DeSalvo Unsecured Claim (Class 5), Allowed General Unsecured Claims (Class 6), and the Painted Tree Claim (Class 7).

15. The classes of Claims and Interests as set forth in the Plan, along with each class's impairment status and entitlement to vote on the Plan, are summarized as follows:

| Class | Impaired? | Entitled to Vote on Plan? |
|---|---|---|
| Class 1 (Priority Non-Tax Claims) | No | No |
| Class 2 (Secured Tax Claims) | Yes | Yes |
| Class 3 (Kingsgate Secured Claim) | Yes | Yes |
| Class 4 (Other Secured Claims) | Yes | Yes |
| Class 5 (Estate of DeSalvo Unscured Claim) | Yes | Yes |
| Class 6 (General Unsecured Claims) | Yes | Yes |
| Class 7 (Painted Tree Claim) | Yes | Yes |
| Class 8 (Interests) | Yes | Yes |

## III.  RELIEF REQUESTED

16. Pursuant to sections 105 and 1125 of the Bankruptcy Code, Rules 2002, 3016, 3017, 3018, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and L.B.R. 1075-1 and the Procedures for Complex Cases in the Southern District of Texas (the "Local Rules"), the Debtor respectfully requests entry of an order:

(a) conditionally approving the Disclosure Statement for purposes of solicitation on acceptance or rejection of the Plan;

(b) scheduling a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing");

(c) approving the proposed forms of ballots attached hereto as **Exhibits "A" through "G"** for submission of votes on the acceptance or rejection of the Plan by holders of Claims in Classes 2 through 7 and holders of Interests in Class 8, respectively;

(d) approving the proposed form of transmittal letter attached hereto as **Exhibit "H"** for inclusion in the solicitation packages to be transmitted in soliciting votes on the Plan;

- (e) establishing deadlines and other requirements for (i) the submission of ballots; (ii) filing and serving any objection to final approval of the Disclosure Statement and/or confirmation of the Plan, and any response to any such objection; (iii) the filing of a ballot tabulation; and (iv) discovery in connection with final approval of the Disclosure Statement and confirmation of the Plan;

- (f) approving the proposed form of notice of the Combined Hearing and related deadlines attached hereto as **Exhibit "I"**; and

- (g) establishing a record date for determining entitlement to receive notice and solicitation materials and to submit a ballot to accept or reject the Plan.

A copy of the proposed order granting the relief requested herein is attached hereto as **Exhibit "J."**

### A. Request for Combined Hearing

17. The Bankruptcy Code provides that, "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128. The Bankruptcy Rules provide that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

18. The Bankruptcy Code expressly grants the Court authority to order the Combined Hearing requested in this Motion. Section 105 of the Bankruptcy Code states that the Court may enter an order that "provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" if such an order will "ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2)(B)(vi).

19. Setting the Combined Hearing is appropriate in this case. As indicated above, it is the Debtor's intent that, upon emerging from bankruptcy, the Debtor will market and sell the Property for the highest and best return possible. Based on the most recent appraisal

and market data, the Debtor is confident that it can sell the Property for a sufficient price to allow for full payment of all secured and unsecured claims and to permit some distribution to equity holders. The Debtor's estate will benefit significantly from a Combined Hearing due to reduction in the administrative expenses that are typically incurred in the normal two-step disclosure statement approval and plan confirmation process. Accordingly, setting the Combined Hearing is warranted and will "ensure that the case is handled expeditiously and economically."

20. In addition, ordering the Combined Hearing is consistent with similar relief previously granted in other chapter 11 cases in this and other Districts. *See In re Waters Retail TPA, LLC,* Case No. 20-30644-sgj-11 (Bankr. N.D. Tex. Nov. 24, 2020) [Dkt. No. 181] (asset sale and liquidating plan); *In re Lasalle Grp., Inc.*, Case No. 19-31484-sgj-11 (Bankr. N.D. Tex. Dec. 31, 2019) [Dkt. No. 526] (asset sale and liquidating plan); *In re ERG Intermediate Holdings, LLC, et al.,* Case No. 15-31858-hdh11 (Bankr. N.D. Tex. Sept. 21, 2015) [Dkt. No. 534] (plan payments made from liquidating trust); *In re Rubicon US REIT, Inc.*, No. 10-10160 (BLS), 2010 Bankr. LEXIS 3321, *3-*4 (Bankr. D. Del. June 18, 2010); *In re Cypresswood Land Partners, I*, 409 B.R. 396, 425 (Bankr. S.D. Tex. 2009).

**B.    Request for Conditional Approval of Disclosure Statement on Shortened Notice**

21. "An acceptance or rejection of a plan may not be solicited . . . unless, at the time of or before such solicitation, there is transmitted . . . a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. § 1125(b). Consequently, the Court must at least conditionally approve the Disclosure Statement before the Debtor may solicit votes on the Plan. *Cypresswood Land Partners, I*, 409 B.R. at 425. In order to allow for the Combined Hearing, the Debtor requests that the Court set a hearing on shortened notice to consider the conditional approval of the

Disclosure Statement, and authorize the Debtor to use the conditionally approved Disclosure Statement in soliciting votes on the Plan. The Debtor will then seek final approval of the Disclosure Statement at the Combined Hearing along with the entry of an order confirming the Plan.

22. Conditional approval of the Disclosure Statement in this case is appropriate. The primary purpose of a disclosure statement is to provide creditors and interest holders with the material information needed in order to make an informed decision when voting on a plan. *In re Park Pharm. Corp.,* No. 02-80896-SAF-11, 2004 Bankr. LEXIS 2553, *25 (Bankr. N.D. Tex. March 4, 2004). The determination of whether a disclosure statement contains such "adequate information," as mandated by section 1125(a)(1) of the Bankruptcy Code, is within the broad discretion of the court. *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.),* 844 F.2d 1142, 1157 (5th Cir. 1988).

23. The Debtor submits that the Disclosure Statement includes sufficient information needed by creditors to make a fully informed decision in voting on the Plan. Among other things, the Disclosure Statement contains detailed information regarding the following topics: (a) the Debtor's business; (b) the factors and events leading to the filing of this case; (c) the professionals employed by the estates; (d) the terms of the Plan and the treatment of holders of claims and equity interests under the Plan; (e) risk factors associated with confirmation of the Plan; and (f) alternatives to confirmation of the Plan.

24. In light of the foregoing, the Debtor believes that conditional approval of the Disclosure Statement is warranted. Authorizing use of the conditionally approved Disclosure Statement in soliciting votes on the Plan, subject to later objections to the adequacy of the Disclosure Statement to be considered at the Combined Hearing, will expedite the confirmation process and avoid unnecessary administrative expenditures, thereby maximizing the value of the Debtor's estate for the benefit of all parties. Expediting the

confirmation process will therefore serve the interests of the Debtor's estate, its creditors, and all parties in interest.

25. Based on the foregoing, the Debtor requests that a hearing be held to consider this Motion **on or about May 16, 2023**.

**C.    Request for Scheduling of Combined Hearing**

26. Pursuant to section 1128 of the Bankruptcy Code, "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128. Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

27. The Debtor hereby requests that, if the Court conditionally approves the Disclosure Statement pursuant to section 1125 with the Bankruptcy Code, the Court then schedule the Combined Hearing to commence **on or about June 27, 2023**, pursuant to Bankruptcy Rule 3017(c). As discussed below, the Debtor proposes to mail out notice of the Combined Hearing and related deadlines no later than two business days after the entry of the Solicitation Order. If the Court schedules the Combined Hearing to commence on or after **June 27, 2023**, parties in interest will have received at least thirty-five (35) days' notice of the Combined Hearing, well in excess of the twenty-eight (28) days' notice required by Bankruptcy Rule 2002(b).

**D.    Request for Approval of Proposed Ballots and Transmittal Letter and Limitation on Parties to Receive Full Solicitation Packages**

28. The Bankruptcy Rules require the mailing of a form of ballot substantially complying with the Official Form 314 only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Plan classifies claims against and

interests in the Debtor into eight classes. Class 1 (Priority Non-Tax Claims) is unimpaired. *See* 11 U.S.C. § 1124. Holders of claims in Class 1 are conclusively presumed to have accepted the Plan; therefore, the Debtor is not required to solicit such holders' votes on the Plan. *See id*. § 1126(f).

29. Class 2 (Secured Tax Claims), Class 3 (the Kingsgate Secured Claim), Class 4 (Other Secured Claims), Class 5 (Estate of DeSalvo Unsecured Claim), Class 6 (General Unsecured Claims), Class 8 (Painted Tree Claim), and Class 8 (Interests) are impaired under the Plan. Holders of claims or interests in these classes are entitled to vote to accept or reject the Plan. The Debtor propose to distribute the forms of ballots attached hereto as **Exhibits "A"** through **"G"** to creditors and interest holders in Classes 2, 3, 4, 5, 6, and 7, respectively.

30. The proposed forms of ballots are based on and substantially conform to Official Form 314. The Debtor submits that such ballots satisfy the Bankruptcy Rules and should be approved for use in solicitation of votes on the Plan.

31. The Debtor also proposes to use the form of transmittal letter attached hereto as **Exhibit "H"** in mailing solicitation packages to creditors entitled to vote on the Plan. As set forth in the transmittal letter, the solicitation packages will include: (a) a copy of the Disclosure Statement, with a copy of the Plan included as an exhibit thereto; (b) a copy of the Solicitation Order scheduling the Combined Hearing and establishing the pertinent deadlines in connection with voting on the Plan and objecting to final approval of the Disclosure Statement and/or confirmation of the Plan; (c) a ballot for voting on the Plan; and (d) the Notice as defined in ¶ 37 below (collectively, the "<u>Solicitation Package</u>").

32. The Debtor submits that the proposed transmittal letter and the items to be included in the solicitation packages satisfy the applicable Bankruptcy Rules and should be approved for use in soliciting votes on the Plan.

33.     Bankruptcy Rule 3017(d) requires all creditors and equity security holders to receive certain documents and information in connection with the plan confirmation process. However, Class 1 is conclusively presumed to have accepted the Plan. *See* 11 U.S.C. § 1126(f). Therefore, creditors in Class 1 are not entitled to vote on the Plan. For this reason, service of full solicitation packages on holders of claims and interests in such classes would generate unnecessary expense. Instead, the Debtor proposes that holders of claims in Class 1 receive the Notice (as defined in ¶ 37), which will include instructions on how such class members may obtain copies of the Plan and Disclosure Statement if they so desire, and provide notice of all applicable deadlines. Accordingly, the Debtor requests that the Court determine that full Solicitation Packages, including the Plan and Disclosure Statement, need not be served on holders of claims in Class 1.

34.     Additionally, the Plan contemplates the assumption of certain executory contracts and unexpired leases.  The Debtor requests the Court determine that service of (a) a copy of the Disclosure Statement, with a copy of the Plan included as an exhibit thereto; (b) a copy of the Solicitation Order scheduling the Combined Hearing and establishing the pertinent deadlines in connection with voting on the Plan and objecting to final approval of the Disclosure Statement and/or confirmation of the Plan; and (c) the Notice (as defined in ¶ 37) , to the counter-parties to the executory contracts is adequate service to such parties.

**E.     Request for Scheduling of Deadlines Pertaining to Voting on the Plan, Objections to Final Approval of Disclosure Statement and/or Confirmation of the Plan and Responses Thereto, Discovery, and Timing of Combined Hearing**

35.     The Debtor requests that this Motion be heard on shortened notice. The Debtor proposes to mail the Solicitation Package to creditors and interest holders entitled to vote on the Plan by no later than two business days after the entry of the Solicitation Order

(the "<u>Solicitation Deadline</u>"). The Debtor requests that the Solitication Order granting this Motion include the following scheduling and notice provisions:

(a) the parties shall disclose the identity of any witness providing expert testimony, and a general description of the issue(s) such expert teimony will cover, by **June 5, 2023**;

(b) the deadline for any response or objection to discovery subject to any applicable discovery rule under the Bankruptcy Rules shall be shortened to ten (10) days from the date of service of such discovery;

(c) if the parties cannot agree on the scope of discovery, time to respond, or time to produce/appear for deposition, the Court shall consider any such dispute on an expedited basis, including via telephonic hearings, subject to the Court's availability;

(d) all depositions shall be held on reasonable notice;

(e) all party discovery shall be completed by **June 16, 2023**;

(f) The deadline for submission of ballots shall be **5:00 p.m., Central Time, on June 19, 2023**;

(g) The deadline by which any objection to final approval of the Disclosure Statement and/or confirmation of the Plan must be filed with the Court and served shall be **5:00 p.m., Central Time, on June 19, 2023** (the "<u>Objection Deadline</u>");

(h) Any objection to final approval of the Disclosure Statement and/or confirmation of the Plan must be served (i) by United States Mail on any parties who have filed notices of appearance and requests for notice in this case, and (ii) by email or fax, with a hard copy served by United States Mail, on the parties listed below so as to be received on or before the Objection Deadline:

| | |
|---|---|
| Jeff P. Prostok<br>Emily S. Chou<br>Dylan T.F. Ross<br>FORSHEY & PROSTOK, LLP<br>777 Main Street, Suite 1550<br>Fort Worth, Texas 76102<br>Telephone: (817) 877-8855<br>Facsimile: (817) 877-4151<br>jprostok@fosheyprostok.com<br>echou@forsheyprostok.com<br>dross@forsheyprostok.com | Office of the United States Trustee<br>Attn: Alicia Lenae Barcomb<br>        Jayson B. Ruff<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br>Telephone: (713) 718-4650<br>Facsimile : (713) 718-4670<br>alicia.barcomb@usdoj.gov<br>jayson.b.ruff@usdoj.gov |

    (i)    Any response to a timely filed and served objection to confirmation of the Plan and any pre-trial brief in support of the confirmation of the Plan must be filed with the Court and served by **June 23, 2023**;

    (j)    each party must file its Witness and Exhibit List for the Combined Hearing by **June 23, 2023**;

    (k)    all exhibits, except impeachment exhibits, shall be marked with exhibit labels and exchanged with opposing counsel contemporaneous with the filing of a party's Witness and Exhibit List;

    (l)    a ballot tabulation must be filed with the Court by **June 23, 2023**; and

    (m)    the Combined Hearing shall be scheduled to commence on or after **June 27, 2023**.

36.    The Debtor submits that the timeline, deadlines, and requirements proposed above are fair and reasonable under the circumstances of this case and should be approved. Provided that this Motion is heard by no later than **May 16, 2023**, the Debtor's proposed timeline will provide creditors and parties in interest with more than the full twenty-eight (28) days' notice of the Objection Deadline and the Combined Hearing as required by Bankruptcy Rule 2002(b). Additionally, the Debtor submits that the proposed timeline for discovery is appropriate and adequate under the circumstances, and that such timeline will afford all parties in interest an adequate opportunity to develop all relevant facts in connection with confirmation of the Plan, without unduly delaying the distribution of assets to creditors and the Debtor's emergence from chapter 11.

**F.    Request for Approval of Form of Notice of Combined Hearing and Related Deadlines**

37.    Attached hereto as **Exhibit "I"** is the proposed form of notice (the "Notice") with respect to the Combined Hearing, related deadlines, and objection requirements. Among other things, the Notice sets forth (a) the time and place of the Combined Hearing, (b) the classes of creditors interest holders under the Plan entitled to vote thereon; (c) the deadline for submission of ballots; (d) the deadline for filing and serving any objection to

confirmation of the Plan and final approval of the Disclosure Statement, along with the parties to be served with copies of any such objections; and (e) means by which a party that did not receive a full solicitation package may obtain a copy of the Plan and the Disclosure Statement. The Notice will be filed and served on or before the Solicitation Deadline.

38. The Debtor submits that the proposed Notice satisfies the applicable notice and information requirements set forth in Bankruptcy Rules 2002(a), 2002(b), and 3017(d) and should be approved.

**G.     Request to Establish a Record Date**

39. Bankruptcy Rule 3017 prescribes the content of the notice that "creditors and equity security holders" must be given in connection with solicitation of votes on a plan of reorganization. The rule goes on to provide that the term "creditors and equity security holders"

> shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing.

Fed. R. Bankr. P. 3017(d). Similarly, Bankruptcy Rule 3018 provides that a creditor or equity security holder whose claim or interest is based on a security of record can vote on a plan only if the security was held as of the date on which the order approving the disclosure statement was entered, unless the bankruptcy court set a different record date. Fed. R. Bankr. P. 3018(a).

40. For the sake of clarity in solicitation and tabulation of votes on the Plan, the Debtor asks that the Court establish the record date, for purposes of Bankruptcy Rules 3017(d) and 3018(a), as the date on which the Court enters the Solitication Order conditionally approving the Disclosure Statement as requested in this Motion (the "<u>Conditional Approval Date</u>"). For the purpose of identifying the creditors and equity security

holders who are entitled to receive notice and solicitation materials in regard to the Plan and whose votes to accept or reject the Plan should be counted, the Debtor requests that it and all parties be authorized (a) to rely on the state of the Debtor's books and records as of the Conditional Approval Date and (b) to recognize, for such purpose, only those transfers of claims and equity security interests of which the Debtor received actual written notice on or before the Conditional Approval Date.

**H.      Request for Authority that Ballot Tabulation to be Performed Internally**

41.     To minimize expense, the Debtor has decided that the tabulation of ballots on the Plan should be performed by the paraprofessional staff employed by the Debtor's counsel, with oversight and involvement by attorneys as needed. The estate has relatively few creditors, and the engagement of an outside balloting agent is unnecessary in this case. The paraprofessionals' hourly rates will be disclosed and the services rendered will be fully described in the Debtor's counsel's application for compensation and reimbursement. As with all professional services, the Debtor will pay compensation for ballot tabulation only pursuant to an order of the Court approving such compensation.

## IV.  PRAYER FOR RELIEF

WHEREFORE, the Debtor prays that the Court grant the above Motion, enter the proposed order attached hereto as **Exhibit "J,"** and grant all such other and further relief as is just and proper.

DATED: May 10, 2023                                           Respectfully submitted,

                                                     */s/ Jeff P. Prostok*
Jeff P. Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Dylan T.F. Ross
State Bar No. 24104435

**FORSHEY & PROSTOK LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@fosheyprostok.com
echou@forsheyprostok.com
dross@forsheyprostok.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed on the attached service list via United States Mail, first class postage prepaid, or via ECF electronic Notice, if available, on May 10, 2023.

*/s/ Jeff P. Prostok*
Jeff P. Prostok

L:\JPROSTOK\Chestnut Ridge Associates, LLC #6374\DS & Plan\Mtn for Conditional Approval\Motion for Cond App 2023-5-9 (ESC).docx