United States Bankruptcy Court
Southern District of Texas

**ENTERED**
May 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| CHESTNUT RIDGE ASSOCIATES LLC, | ) | Case No. 23-90069 (DRJ) |
| | ) | |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF GRANT THORNTON LLP
AS FINANCIAL ADVISORS FOR THE DEBTOR AS OF MARCH 27, 2023**
(Docket No. 80)

On this day the Court considered the (i) the *Debtor's Application for Order Authorizing the Employment and Retention of grant Thornton LLP as Financial Advisors for the Debtor as of March 27, 2023* [Docket No. 80] (the "Application")[1] filed by Chestnut Ridge Associates LLC ("Chestnut Ridge" or the "Debtor"), as debtor and debtor-in-possession, for entry of an order pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Grant Thornton LLP ("GT" or "Grant Thornton") as financial advisors for the Debtor as of March 27, 2023, and (ii) the Declaration of John D. Baumgartner in support of the Application [Docket No. 81] (the "Declaration"). The Court being satisfied, based upon the representations made in the Application and Declaration that GT neither represents nor holds any interest adverse to the Debtor or to its estate and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and it

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

1

further appearing that the employment of Grant Thornton on the terms set forth in the Application is necessary and in the best interest of the Debtor, its estate, creditors and other parties-in-interest; and it further appearing that the Court has jurisdiction to consider the Application and the relief requested therein; and it further appearing that due notice of the Application as set forth therein is sufficient, and that no other or further notice need be provided; and that the Court having determined that no objections have been filed to the Application; and upon the record herein and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

1. The Application shall be, and hereby is, **GRANTED**, pursuant to section 327(a) of the Bankruptcy Code in accordance with the terms of the Application as set forth in this Order.

2. The Debtor, as debtor and debtor-in-possession, is authorized to employ and retain Grant Thornton as its financial advisors for the purposes, and on the terms and conditions, described in the Application, as modified herein, effective as of March 27, 2023.

3. Grant Thornton shall be compensated for such services, and be reimbursed for any related expenses, pursuant to the terms set forth in the Application, and shall file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and such other procedures as may be fixed by order of this Court. For billing purposes, GT shall keep its time in one tenth (1/10) hour increments.  ~~GT also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures.~~

4. In the event that, during the pendency of these cases, Grant Thornton seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in GT's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declaration filed in connection with the Application, GT shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

5. Grant Thornton shall not charge a markup to the Debtor with respect to fees billed by contract employees who are hired by GT to provide services to the Debtor and shall ensure that any such contract employees are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

6. Grant Thornton shall provide ten (10) business-days' notice to the Debtor, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Grant Thornton shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

8. Grant Thornton will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, GT will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a).

9. To the extent the Debtor wishes to expand the scope of Grant Thornton's services beyond those services set forth in the Engagement Letter, the Statement of Work, or this Order, the Debtor shall be required to seek further approval from this Court. The Debtor shall file a notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 21 days of the Debtor filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

10. The indemnification provisions included in the Engagement Letter and its attachments are approved, subject to the following:

   a. As set forth in paragraph (c), Grant Thornton shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the

4

indemnification, contribution or reimbursement therefore are approved by the Court;

b. The Debtor shall have no obligation to indemnify GT, or provide contribution or reimbursement to GT, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from GT's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing, or (ii) settled prior to a judicial determination as to GT's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which GT should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, GT believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Application), including without limitation the advancement of defense costs, GT must file an application therefore in this Court, and the Debtor may not pay any such amounts to GT before the entry of an order by this Court approving the payment. This

subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by GT for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify GT. All parties in interest shall retain the right to object to any demand by GT for indemnification, contribution, or reimbursement.

11. To the extent the Application, the Declaration filed in connection with the Application, the Engagement Letter, or the Statement of Work is inconsistent with this Order, the terms of this Order shall govern.

12. Notwithstanding anything to the contrary in the Application, the Engagement Letter, the Statement of Work, or the Declaration filed in connection with the Application, including any arbitration, dispute resolution or jurisdictional provisions, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Signed:  May 18, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**