**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHESTNUT RIDGE ASSOCIATES LLC, | ) | Case No. 23-90069 (MI) |
| | ) | |
| | ) | |
| Reorganized Debtor. | ) | |

**MOTION FOR FINAL DECREE CLOSING CHAPTER 11 CASE PURSUANT TO § 350 OF THE BANKRUPTCY CODE AND RULE 3022 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE – *EXPEDITED CONSIDERATION REQUESTED***

> **Emergency (expedited) relief has been requested. Relief is requested not later than 5:00 p.m. on November 7, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Chestnut Ridge Associates LLC ("Reorganized Debtor") files this motion (the "Motion") pursuant to section 350 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure to request that this case be closed pursuant to the Final Decree substantially in the form attached hereto as **Exhibit A** (the "Final Decree"). In support thereof, the Reorganized Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On February 5, 2023, the now Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The *Second Amended Chapter 11 Plan of Reorganized for Chestnut Ridge Associates LLC* [Docket No. 155] (the "Plan") was confirmed pursuant to the *Findings of Fact and Conclusions of Law, and Order Confirming Second Amended Chapter 11 Plan of Reorganization for Chestnut Ridge Associates LLC* entered on August 22, 2022 [Docket No. 170] (the "Confirmation Order").

4. The Effective Date of the Plan was October 1, 2023 (the "Effective Date"). *See* Docket No. 177.

5. Prior the Effective Date of the Plan, three objections to claims were filed. All three objections to claim have been resolved.[1] Pursuant to the Plan, the Reorganized Debtor has the exclusive authority to object to claims or settle any objections to claims. To the best of the Reorganized Debtor's knowledge, no other objections to claim need be filed.

6. Final fee applications for professionals employed by the estate (collectively, the "Professional Applications") have been filed and are pending as of the filing of this Motion as follows:

    (a) First and Final Fee Application of Forshey & Prostok, LLP Attorneys for the Debtor [Dkt. 183] filed on October 10, 2023 (the "FP Application");

    (b) First and Final Fee Application of Grant Thornton, LLP as Financial Advisor to the Debtor [Dkt. 185] filed on October 10, 2023 (the "GT Application"); and,

---

[1] The Objection to Proof of Claim No. 14 [Dkt. No. 126] was withdrawn by Reorganized Debtor by the Notice of Withdraw filed on October 20, 2023 [Dkt. No 194]; the Objection to Proof of Claim No. 5 [Dkt. No. 172] was resolved by the Stipulation and Agreed Order entered on October 4, 2023 [Dkt. No. 180]; and the Objection to Proof of Claim No. 15 [Dkt. No. 193] was sustained and the Order entered on October 20, 2023 [Dkt. No. 193].

       (c)       First and Final Fee Application of CBRE, Inc. as Appraiser for the Debtor [Dkt. No. 188] filed on October 12, 2023 (the "<u>CBRE Application</u>" and collectively with the FP Application and GT Application, the "<u>Professional Applications</u>").

7.      The last day of the 21-day response period with three days for mail day rule on the FP Application and the GT Application is November 3, 2023.  The last day of the response period for the CBRE Application is November 6, 2023.

8.      Reorganized Debtor has filed all required operating reports that have come due[2] and is current on fees ("<u>Trustee Fees</u>") payable to the Office of the United States Trustee ("<u>UST</u>") in accordance with 28 U.S.C. § 1930.  Reorganized Debtor will continue to work with the UST to ensure that all remaining Trustee Fees are paid in a timely matter.

9.      As contemplated by the Plan, the Reorganized Debtor continues to operate after the Effective Date and continues its efforts to sell its primary asset, the shopping center known as the Shoppes at Kingsgate (the "<u>Center</u>").  As of the filing of this Motion, the Reorganized Debtor is under contract for the sale of the Center.  The closing of the sale is currently expected to be early November 2023 (the "<u>Closing</u>").

## REQUEST FOR EXPEDITED CONSIDERATION OF THE MOTION

10.      Reorganized Debtor requests expedited consideration of this Motion because (1) the Plan has been substantially consummated, and (2) Reorganized Debtor would like to close this chapter 11 case prior to the Closing of the sale of the Center.

11.      Under the Plan, the term "Substantial Consummation" is defined as "the day on which a Creditor first receives a Distribution of any kind under the terms and provision of the Plan." The Reorganized Debtor has made payment on the priority tax claim asserted in proof of claim

---

[2] The September Monthly Operating Report was filed on October 23, 2023 [Dkt. No. 199].

10 filed by the Texas Comptroller of Public Accounts.[3]  Accordingly, Substantial Consummation has occurred.

12. Expedited consideration for the entry of the Final Decree is requested and warranted because Reorganized Debtor seeks to close the chapter 11 case prior to the Close of the sale of the Center.  Reorganized Debtor's largest creditor is its secured mortgage lender ("Secured Lender") who is owed approximately $17 million secured by a deed of trust on the Center.  Based upon the purchase price of the pending sale transaction, the Secured Lender is fully secured.  At Closing the Secured Lender will receive payment in full of its claim.  If the chapter 11 case remains open at the time of the distributions at the Closing, pursuant to 28 U.S.C. § 1930, the Reorganized Debtor will incur substantial administrative US Trustee fees that will reduce funds available to the Reorganized Debtor for distribution to creditors and interest holders.

13. As described above, all objections to claims that were filed have been resolved. The only pending matters are the Professional Applications.

14. The Reorganized Debtor requests expedited consideration of the Motion and requests the entry of the Final Decree closing the case immediately following the Court's entry of orders on the Professional Applications.

15. Based upon these circumstances, Reorganized Debtor believes granting this Motion on an expedited basis and entering the Final Decree closing this chapter 11 case prior to the Closing of the sale of the Center is in the best interest of the creditors and interest holders as the reorganized estate would be able to retain more of the sale proceeds for distributions to creditors and interest holders.

---

[3] See attached *Declaration of Emily S. Chou* regarding the payment of the of proof of claim 10 filed by the Texas Comptroller of Public Accounts.

**RELIEF REQUESTED**

16.     By this Motion, Reorganized Debtor seeks expedited consideration for the entry of the Final Decree substantially in the form attached hereto as **Exhibit A** to close this chapter 11 case, effective as of the date of entry.

**BASIS FOR RELIEF**

17.     Section 350(a) of the Bankruptcy Code provides, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022 implements section 350(a) of the Bankruptcy Code and provides, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. P. 3022.

18.     The Bankruptcy Code does not specify when an estate should be considered "fully administered."  In making this determination, courts have looked to the Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Note") for guidance.  *In re Union Home and Indus, Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007).  The Advisory Note instructs courts to consider these factors in determining whether a case is fully administered:

   (a) Whether the order confirming the plan has become final;

   (b) Whether deposits required by the plan have been distributed;

   (c) Whether the property proposed by the plan to be transferred has been transferred;

   (d) Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

   (e) Whether payments under the plan have been commenced; and

   (f) Whether all motions, contested matters, and adversary proceedings have been finally resolved.

FED. R. BANKR. P. 3022 advisory committee's note.

19. Although courts should apply and weigh the factors set forth by the Advisory Note, the listed factors are not meant to be exclusive, nor are all factors mandatory. *In re Union Home Indus, Inc*., 375 B.R. 917 ("The factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered."); *Nat'l Union Fire Ins. Co. v. Eubanks*, No. 94-2757 Sec. "R", 1995 U.S. Dist. LEXIS 243, at *5 (E.D. La. Jan. 9, 1995). Rather, the six factors "merely serve as a guide in assisting the Court in its decision to close a case." *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). Courts are encouraged to consider the Advisory Note factors to ensure "there is no unfinished business before the Court or in the case." *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999).

20. In this case, entry of the Final Decree immediately after the entry of the order on the Professional Applications is warranted. The Confirmation Order (entered on August 22, 2023) is final and non-appealable. The Plan is effective (Effective Date was October 1, 2023) and all assets of the Debtor's estate have vested in the Reorganized Debtor. All objections to claim have been resolved. The Plan has been substantially consummated. The Reorganized Debtor is scheduled to close a sale of the Center in early November 2023, and the net proceeds of which will be the primary source of funds to pay the allowed claims of its secured lender and other creditors and interest holders.

21. Accordingly, entry of Final Decree is appropriate.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Reorganized Debtor respectfully requests that the Court grant expedited consideration of the Motion, and grant the Motion and enter a Final Decree substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as is just and proper.

DATED: October 23, 2023

Respectfully Submitted,

*/s/ Jeff P. Prostok*
Jeff P. Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Dylan T.F. Ross
State Bar No. 24104435
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Phone: (817) 877-8855
Fax: (817) 877-4151

ATTORNEYS FOR REORGANIZED DEBTOR

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on this 23th day of October 2023, via ECF Electronic Notice, where available, and for parties not receiving ECF notices, by (1) electronic mail as indicated below, and (2) by FedEx 2-day delivery on the parties listed on the attached service list. The service of this motion includes the United States Trustee, all creditors eligible for a distribution under the Plan, and parties who filed a notice of appearance and request for notice.

*/s/ Jeff P. Prostok*
Jeff P. Prostok

**By Electronic Mail:**

AFC Realy, LLC
shawnackerman@henrysmiller.com

Neutex Advanced Energy
msamcpa@neutexworld.com

Painted Tree
lraines@fridayfirm.com
dcurry@okinadams.com

SRS Real Estate Partners
jhicks@edge-re.com

Precise Technical Services
moheblaw@gmail.com

PeelCRE
jacob@peelcre.com

Office of the Attorney General
Bankruptcytax@oag.texas.gov

Dov Zakheim
dovszakheim@gmail.com

The Estate of Joseph DeSalvo
tbair@tombairlaw.com

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHESTNUT RIDGE ASSOCIATES LLC, | ) | Case No. 23-90069 (MI) |
| | ) | |
| | ) | |
| Reorganized Debtor. | ) | |

**FINAL DECREE CLOSING CHAPTER 11 CASE PURSUANT TO
§ 350 OF THE BANKRUPTCY CODE AND RULE 3022 OF THE
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

The Court has considered the *Motion for Final Decree Closing Chapter 11 Case Pursuant to § 350 of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure – Expedited Consideration Requested* (the "<u>Motion</u>")[1] [Docket No. ___], dated October 23, 2023, and filed by Chestnut Ridge Associates LLC, the reorganized debtor (the "<u>Reorganized Debtor</u>"). After consideration of the Motion and the record in this case, the Court finds as follows: (a) this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b); (c) venue of this proceeding and the Motion is proper in this district in accordance with 28 U.S.C. §§ 1408 and 1409; (d) the Reorganized Debtor's estate has been administered as contemplated by section 350(a) of the Bankruptcy Code and by Bankruptcy Rule 3022; (e) the Motion has been served on all creditors, all parties in interest, and the United States Trustee as required by the Bankruptcy Code and Rules; (f) no party has objected to the Motion; and (g) the Reorganized Debtor has shown sufficient cause for the relief requested on an expedited basis.  It is therefore

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that the above captioned bankruptcy case is hereby closed; and it is further

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

**ORDERED** that the Reorganized Debtor shall pay all outstanding fees to the United States Trustee, if any, on or before their regular due date as established by the United States Trustee's procedures; and it is further

**ORDERED** that this Final Decree is without prejudice to the Reorganized Debtor's right to move to re-open this bankruptcy case; and it is further

**ORDERED** that this Court shall retain jurisdiction over an and all matters arising from or related to the implementation or interpretation of this Order.

**SIGNED** this _____ day of _____, 2023.

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE